## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**DALE CROSS,**

      **Petitioner,**

**vs.**                                 **Case No. 4:06cv521-RH/WCS**

**TIMOTHY J. BUDZ,[1]**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS

Petitioner filed a 28 U.S.C. § 2254 petition on October 30, 2006 (the date of his signature).  Doc. 1.  Petition filed an amended § 2254 petition as instructed by my order, doc. 4.  Doc. 5.  Both petitions were served by order, noting that the initial petition contained argument to support the claim as set forth on the amended form petition.  Doc. 7.  Respondent filed a motion to dismiss, arguing that the petition is untimely, and

---

[1] The court previously substituted Tim Buds, Administrator of the Florida Civil Commitment Center, as Respondent.  Doc. 7.  Respondent advises the correct name is Timothy J. Budz.  Doc. 8, p. 1, n. 1.  The clerk has been directed to correct the name on the docket.

Petitioner filed a reply.  Docs. 8 and 9.  All references to exhibits are to those attached

to the motion to dismiss.

Petitioner claims that he has been involuntarily committed as a sexually violent

predator (SVP) pursuant to the Jimmy Ryce Act, FLA. STAT. § 394.910 et seq., by a

judgment dated September 25, 2003.  Doc. 1, pp. 2-3.  This petition for writ of habeas

corpus was not filed until October 26, 2006, the date of Petitioner's signature to the

petition.  Doc. 1.  There is a one year period of limitation for filing a petitioner for writ of

habeas corpus.  28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;
>>
>> (B) the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or
>> laws of the United States is removed, if the applicant was
>> prevented from filing by such State action;
>>
>> (C) *the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right has
>> been newly recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral review*;  or
>>
>> (D) the date on which the factual predicate of the claim or
>> claims presented could have been discovered through the
>> exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment
> or claim is pending shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

Petitioner claims violations of due process because a petition for a probable

cause determination was not filed until shortly before his release date, February 28,

2002, in violation of the statute.  *Id.*, p. 4.[2]  He claims that the screening for SVP status

must begin within 545 days from release, and the state attorney must file the petition for

commitment within 360 days of release.  *Id.*[3]  Petitioner claims that this late filing forced

him to waive his right to speedy trial,[4] that he was not given time to obtain his own

mental health experts, and he was not afforded an attorney at all stages of the

proceeding.  *Id.*, pp. 4, 5.

---

[2] Petitioner asserts that the petition was filed against him on January 18, 2002.
*Id.*  The petition for probable cause determination bears that date.  Ex. B, p. 2.  This is
presumably in error, as the oath on the petition was signed on *February* 18, 2002, and
the docket reflects it was filed on that date.  Ex. B, p. 3 and Ex. PD, p. 1, respectively.

[3] The statute requires written notice to the multi-disciplinary team (MDT), with a
copy to the appropriate state attorney, at least 545 days prior to the anticipated release
of a person serving a sentence in the Department of Corrections (DOC), or as soon as
practicable if the confinement period is less than 545 days.  FLA. STAT. § 394.913(1)(a)
(2002) (reference is made to the 2002 statute as the petition was filed and the finding of
probable cause made in 2002).   The period is 180 days prior to the anticipated release
of a person in the custody of the Department of Juvenile Justice, or a person committed
to the DCF after being found not guilty by reason of insanity or mental incapacity of a
sexually violent offense.  § 394.913(1)(b) and (c).  Section 394.913(4) specifically
provides that "[t]he provisions of this section are not jurisdictional, and failure to comply
with them in no way prevents the state attorney from proceeding against a person
otherwise subject to the provisions of this part."  *See also* § 394.9135(4) (similar
disclaimer for section setting forth procedures where the anticipated release from
confinement becomes imminent, allowing for petition to hold in custody); § 394.9155(7)
(failure of any party to comply with the rules of procedure and evidence in SVP
commitment proceedings "shall not constitute a defense . . . .").

[4] Presumably this is a reference to the requirement that trial be held within 30
days from the determination of probable cause, unless continuances are granted.  FLA.
STAT. § 394.916(1) and (2).  The docket reflects that Petitioner was granted a
continuance.  Ex. PD.

Petitioner alleges that the Department of Children and Families (DCF) sent psychologists to evaluate him on June 1 and June 20, 2001, and started civil commitment proceedings against him without his knowledge on July 16, 2001. *Id.*, pp. 4-5. He claims that he was told by his court appointed counsel to submit to the commitment petition and he would be out in six months. *Id.*, p. 5. He claims that the Assistant State Attorney could not swear to his mental evaluation, and that no DCF official had a face to face evaluation of him, but relied on the unsworn statements of someone else. *Id.* Petitioner asserts that the statute requires the civil commitment trial be held before expiration of sentence, and here it was not. *Id.*, pp. 5-6. Petitioner cites Kephart v. Hadi, 932 So. 2d 1086 (Fla. 2006), which "substituted their first decision in regards to **no cure** for a due process violation and states in their revised decision allows the state a cure for due process violations contrary to the United States Constitution, and in violation of Petitioner's 4th, 5th, 6th and 14th amendment rights under U.S. Constitution is illegal, there is **no remedy or relief**." *Id.*, pp. 6-7 (emphasis in original). While the meaning of this argument is unclear, Petitioner states in the amended petition that he did not raise his claim in state court because "[t]he State of Florida highest court had already denied release of ground one [sic], stated in this petition." Doc. 5, p. 4.

Respondent seeks dismissal of the § 2254 petition as time barred under 28 U.S.C. § 2244(d). Doc. 8. Respondent asserts that the judgment at issue was rendered on September 26, 2003. Petitioner did not appeal, and even allowing for the time to file an appeal plus additional time for filing a petition for writ of certiorari, the one year AEDPA period expired on January 25, 2005. Doc. 8, pp. 204. It is argued,

therefore, that the initial habeas corpus petition here, filed on October 20, 2006, is untimely.

Petitioner responds that "Respondent has abandoned any right to object to the argument in support of the amended petition <u>via</u> the initial Habeas petition," and that Respondent should not be allowed to file additional argument.  Doc.  9, p. 2. Respondent has not waived any argument, however.  Indeed, the show cause order specifically said that "[i]f a procedural argument not going to the merits is raised, Respondent may await a ruling on that defense before filing an answer on the merits." Doc. 7, p.  3.[5]

Petitioner also claims that Respondent failed to address ground one of his initial petition, and that at page 2 of that petition he provided "the complete outline of the exhaustion of State remedies," and the reason that ground one was not exhausted in state court.  Doc. 9, p. 2.  Petitioner asserts:

> The respondent does not advise this Court of the fact that numerous civilly detained and civilly committed individuals at the Florida Civil Commitment Center, were awaiting the **Kephart vs. Hadi** decision from the **Florida Supreme Court**.  However, the Florida Supreme Court reached their decision **June 8, 2006** see **Kephart v. Hadi**, 932 So.2d 1086 (Fla. 2006).

Doc. 9, pp. 2-3.  He asserts that like the court in <u>Hadi</u>, Respondent does not deny due process was violated, but that the Florida Supreme Court wrongfully authorized a cure for the due process violation.  *Id.*, p. 3.

---

[5] Petitioner references the language of that order giving Respondent 10 days to object to the procedure of serving both petitions rather than requiring a proper amendment incorporating all claims.  Doc. 7, p. 2 (citing Local Rule 15.1, regarding amendments, and Fed.R.Civ.P. 72(a), regarding objections).  This did not require Respondent to file objections to anything else in ten days, however, and certainly did not constrain Respondent with respect to the merits.

The <u>Kephart</u> opinion was not issued by the United States Supreme Court and cannot commence the time under § 2244(d)(1)(C).[6]   Petitioner's anticipation of the <u>Kephart</u> opinion was not an impediment to him filing his own petition for purposes of § 2244(d)(1)(B).  The opinion does not constitute a factual predicate for Petitioner's § 2254 claim for purposes of § 2244(d)(1)(D).

This leaves for consideration only § 2244(d)(1)(A).  Commencing the time from the date on which the judgment became final, the § 2254 petition is untimely.  Petitioner has not filed any motions or petitions for relief in state court to toll the period under § 2244(d)(2).  Doc. 5, pp. 2-3; doc. 8, pp. 3-5; Ex. PD.

It is therefore respectfully **RECOMMENDED** that the motion to dismiss (doc. 8) be **GRANTED** and the § 2254 petition as amended (docs. 1 and 5) be **DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on October 10, 2007.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] In <u>Kephart</u>, not even the Florida Supreme Court initially recognized a federal constitutional right and made it retroactive on collateral review.  The court said the probable cause petition must be supported by sworn proof and "the sworn proof for the probable cause petition may be supplied by the prosecutor by swearing to the allegation in the petition or by affidavit attached to the petition from one or more of the mental health professionals."  <u>Kephart</u>, 932 So.2d at 1090-1092.  The court allowed the state seven days to cure the deficiency for pending cases, with a 24 hour cure period to apply to cases arising after the effective date of the opinion.  *Id.*, at 1093-94.  In Petitioner's case the Assistant State Attorney swore to the petition for a probable cause determination, which incorporated the report of the multi disciplinary team.  Ex. B (doc. 8-2 on the electronic docket, p. 16).  Thus, the defect discussed in <u>Kephart</u> did not even exist in Petitioner's case.

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:06cv521-RH/WCS